IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BRUCE REMINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN MATHSON, JOY MATHSON, et al.,<br><br>　　　　Defendants. | No. CV 09-4547 NJV<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY STAY** (Doc. No. 12) |

Defendants John and Joy Mathson have moved to dismiss, or alternatively to stay, the complaint filed by pro se Plaintiff Bruce Remington. (Doc. No. 12) Plaintiff opposes dismissal. (Doc. No. 20) Having considered all of the papers filed by the parties, the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' motion to dismiss, and **STAYS** the state claims raised in this federal action pending resolution of certain claims in the state court action, *Remington v. Mathson* (No. DR080678, Humboldt County Superior Court).

## I. BACKGROUND

This is a federal environmental claim between neighbors based on alleged violations of the Resource Conservation and Recovery Act ("RCRA") for hazardous waste disposal, Clean Water Act ("CWA"), Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") for the clean up of hazardous wastes, and Emergency Planning and Community Right to Know Act ("EPCRA") for the failure to follow reporting requirements. Plaintiff owns real property at 832 Westgate Drive in Eureka, California, and his neighboring Defendants own real property at 778

Westgate Drive. Plaintiff raises eight claims in his complaint, which was filed on September 25, 2009: 1) CWA violation for discharges from five water point sources; 2) RCRA violation for discharge of hazardous wastes under 42 U.S.C. § 6972(a)(1)(A); 3) RCRA violation for handling, storage, treatment, transportation or disposal of solid or hazardous waste presenting an imminent and substantial danger to health or the environment under 42 U.S.C. § 6972(a)(1)(B); 4) CERCLA violation for discharging hazardous materials; 5) EPCRA violation for failing to report the release of hazardous substances; 6) trespass for dumping substances onto Plaintiff's property and the resulting discharge into Plaintiff's surface and groundwater; 7) nuisance resulting from Defendants' contamination of Plaintiff's property and construction of a fence partially on Plaintiff's property; and 8) negligence and negligence per se from Defendants' contamination of Plaintiff's property in violation of state and county codes and the CWA, failure to remove leaning trees near Plaintiff's property, and from Defendants' drainage pipes. (Doc. No. 1) Plaintiff requests a declaration that Defendants violated the CWA, RCRA, CERCLA, and EPCRA. Plaintiff also requests that the Court order Defendants to clean up their property and Plaintiff's property; enjoin Defendants from storing, disposing, or discharging hazardous substances; order Defendants to comply with CERCLA and EPCRA reporting requirements; impose civil penalties for CWA and RCRA violations; and enjoin other conduct by Defendants.

Both parties consent to jurisdiction of this Court as required by 28 U.S.C. § 636(c).

There are two actions between the parties that are pending in state court in Humboldt County. Defendants filed a complaint against Plaintiff and his wife on July 18, 2008 in Humboldt County Superior Court for trespass, quiet title, and nuisance (No. DR080669, *Mathson v. Remington*). Defs.' Request for Judicial Notice ("RJN"), Ex. J (Doc. No. 16). Plaintiff filed a complaint in the same court against Defendants a few days later on July 21, 2008 for nuisance, trespass, water pollution and environmental damage, unfair competition, deceit, fraudulent concealment, false promise, intentional misrepresentation, quiet title, conversion, breach of the covenant of good faith and fair dealing, common counts, harassment, and negligence (No. DR080678, *Remington v. Mathson*). Defs.' RJN, Ex. A (Doc. No. 14). The state court sustained demurrers to and granted Defendants' motions to strike various causes of action in Plaintiff's

complaint and First Amended Complaint. Defs.' RJN, Exs. B-F (Doc. No. 15). In Plaintiff's state action against Defendants, *Remington v. Mathson*, the following causes of action remain: nuisance, nuisance per se, trespass, water pollution and environmental damage, negligence, negligence per se, and quiet title due to adverse possession. Defs.' RJN, Exs. D-F (Doc. No. 15).

## II. DISCUSSION

Defendants move to dismiss on three grounds[1]: 1) insufficient service of process under Federal Rule of Civil Procedure 12(b)(5); 2) lack of subject matter jurisdiction under Rule 12(b)(1); and 3) abstention under *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)[2] based on the pending state action filed by Plaintiff against the same Defendants.[3] In the alternative, Defendants request the Court to stay this action pending resolution of the state action. If the Court does not dismiss or stay the action, Defendants request that the Court decline to exercise supplemental jurisdiction over the state law claims, arguing that the state law claims substantially predominate over the federal claims. Defendants also request that the Court take judicial notice of documents from the state court proceedings. Plaintiff opposes dismissal on all grounds and opposes a stay. Plaintiff also asserts that the Court has jurisdiction over his state law claims.

**A.     Request for Judicial Notice**

Defendants request that the Court take judicial notice of documents filed and orders from two cases between Plaintiff and Defendants in Humboldt County Superior Court: 1) No. DR080669, *Mathson v. Remington*, filed July 18, 2008 by Defendants against Plaintiff and his spouse; and 2) No. DR080678, *Remington v. Mathson*, filed July 21, 2008 by Plaintiff against Defendants. (Doc.

---

[1] Defendants refer to a Rule 12(b)(6) challenge for failure to state a claim upon which relief can be granted, but make no argument on this ground.

[2] "The *Colorado River* doctrine is not technically an abstention doctrine, although it is sometimes referred to as one." *Holder v. Holder*, 305 F.3d 854, 867 n.4 (9th Cir. 2002). The Court refers to the *Colorado River* doctrine as an abstention doctrine because the cases upon which the Court relies in this order, and the parties in this action, have done so.

[3] Typically, the failure to raise an argument in an opening brief constitutes waiver of the argument where the movant raises a new argument for the first time in his or her reply. Here, though Defendants did not raise their argument for abstention under *Colorado River* in their opening brief, the argument has not been waived because Defendants raised it in their reply in response to Plaintiff's opposition. Plaintiff, therefore, had the opportunity to address the *Colorado River* abstention argument.

1 Nos. 14-16) Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of papers filed in state court. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). The state court documents requested by Defendants are relevant to the present matter. Therefore, the Court grants Defendants' request for judicial notice.

**B.      Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). We construe the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

   1.      Rule 12(b)(5) Service of Process

The summons and complaint must be served together. Fed. R. Civ. P. 4(c)(1). This Court's local rules also require the plaintiff to serve supplementary material including a copy of the Initial Case Management Conference and ADR deadlines order; the assigned judge's standing orders; and a copy of the assigned judge's order and instructions, if any, for the preparation of a Case Management Statement. Civ. L.R. 4-2. Any non-party at least 18 years old may serve the summons and complaint in a federal action. Fed. R. Civ. P. 4(c)(2). For actions brought in California, an individual defendant may be served by delivery to the defendant personally, delivery to another person at the defendant's dwelling, delivery to an authorized agent, mail service coupled with acknowledgment of receipt, mail requiring return receipt for persons outside California, and by publication. Fed. R. Civ. P. 4(e)(2) & (1); Cal. Code of Civ. P. §§ 415.30, 415.40, & 415.50.

Unless some defect in service is shown on the face of the return of service, a Rule 12 motion to dismiss for improper service must be supported by declaration or other admissible evidence establishing the improper service. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2009) § 5:350. Where the validity of service is properly contested in a motion to dismiss, the burden is on the plaintiff to establish validity of service or to create an issue of fact requiring an evidentiary hearing to resolve. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Naufahu v. City of San Mateo*, 2008 WL 2323869, *1 (N.D. Cal. 2008) (relying on *Aetna Business Credit*); *see also* Fed. Civ. Proc. Before Trial §§ 5:348 & 5:351. The plaintiff normally meets this burden by producing the process server's return of service, which is generally accepted as prima facie evidence that service was effected, and of the manner in which it was effected. *See, e.g., Blair v. City of Worcester*, 522 F.3d 105, 112 (1st Cir. 2008); *see also* Fed. Civ. Proc. Before Trial § 5:349; *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (signed return of service constitutes prima facie evidence of proper service in context of default judgment).

If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and simply quash the service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3d Cir. 1992); *see also* Fed. Civ. Proc. Before Trial § 5:353; Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed. 2009). If effective service can be made and there has been no prejudice to the defendant, the court will generally quash service rather than dismiss the action. *See Umbenhauer*, 969 F.2d at 30-31; *see also* Fed. Civ. Proc. Before Trial § 5:354.

The Ninth Circuit has recognized, however, that defective service by a pro se plaintiff does not necessarily warrant dismissal under Rule 12(b)(5). "This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri*, 901 F.2d at 699 (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir.1984) (defective service of complaint by pro se litigant does not warrant dismissal)).

/ / /

### 2. Rule 12(b)(1) Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They may only adjudicate cases involving a federal question, diversity of citizenship, or where the United States is a party. A federal court has jurisdiction to determine whether it has subject matter jurisdiction. *See United States v. United Mine Workers of America*, 330 U.S. 258, 292 n.57 (1947).

A complaint must be dismissed if there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence disputing the truth of the allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Here, Defendants facially attack the pleadings. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, a district court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged under Rule 12(b)(1). *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment." *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

### 3. Abstention

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813. As the Supreme Court explained:

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to

repair to the state court would clearly serve an important countervailing interest." *Id*. (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Two doctrines of abstention are raised here-- *Younger* and *Colorado River*.

### a) *Younger* Abstention

Abstention "is the exception, not the rule." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colorado River*, 424 U.S. at 813). Under the *Younger* abstention doctrine, in recognition of the principles of comity and federalism, a federal court should not interfere with ongoing state judicial proceedings by granting injunctive or declaratory relief unless such interference is necessary to prevent substantial and immediate irreparable harm. *Younger*, 401 U.S. at 43-54 (creating abstention doctrine for state criminal proceedings); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (extending *Younger* to requests for declaratory relief); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987) (extending *Younger* doctrine to pending state civil proceedings between private parties). The Ninth Circuit has held that *Younger* abstention also applies to claims for money damages, not just actions for injunctive or declaratory relief "because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings."[4] *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

*Younger* abstention has also been extended to cases that might interfere with state "administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate" his or her federal claim. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986). In addition, the rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11 (1975). *Younger* does

---

[4] The Supreme Court, however, has not resolved whether *Younger* abstention applies to claims for money damages. *Gilbertson*, 381 F.3d at 969-70; *see Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (district court should have stayed, not dismissed the federal claims for monetary relief because the state court could not have awarded damages); *Quackenbush v. Allstate Insur. Co.*, 517 U.S. 706, 728 (1996) (abstention power derives from court's equitable powers, suggesting that *Younger* abstention may not apply to claims for money damages). The lower courts are split on this issue.

7

not, however, apply to all civil cases. It does not apply to pending state judicial proceedings reviewing legislative or executive action because these proceedings are not judicial in nature. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-70 (1989) ("*NOPSI*").

*Younger* abstention is required when: 1) state proceedings, judicial in nature, are pending; 2) the state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the federal issue. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The "mere existence of parallel proceedings is not sufficient" to establish the first factor. *Gilbertson*, 381 F.3d at 974 (describing *NOPSI*).

Where *Younger* abstention is appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction, but should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Beltran v. State of California*, 871 F.2d 777, 782-83 (9th Cir. 1988) (*Younger* abstention requires dismissal of federal action). "However, federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968.

### b) *Colorado River* Abstention

In addition to abstention under *Younger*, federal courts may also abstain under *Colorado River* from hearing a federal action when there is parallel or duplicative litigation in state court. Unlike other jurisdictions, the Ninth Circuit does not require exact parallelism between the federal and state actions and only requires substantial similarity between the actions. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (affirming *Colorado River* abstention to prevent piecemeal litigation, because the "state case has progressed far beyond" the federal case, the actions were substantially similar, and the state court could adequately protect the plaintiff's rights). The existence of a parallel or duplicative state action alone is insufficient to justify dismissing or staying a federal action. To abstain under *Colorado River*, courts examine the following factors: 1) whether the state court or federal court first assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the forums obtained jurisdiction; 5) whether federal or state law controls the decision on the merits; and

6) whether the state court can adequately protect the rights of the parties. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 23-24, 26-27 (1983); *Colorado River*, 424 U.S. at 818-19; *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992). The *Colorado River* factors are not a "mechanical checklist," but require careful balancing by the district court. *Moses H. Cone*, 460 U.S. at 16. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id*.

**C.    Rule 12(b)(5) Service of Process**

Defendants argue that the "initial" service was improper because on or about October 2, 2009, Plaintiff delivered a copy of the complaint in the mail box of defense counsel before counsel was authorized to accept service on Defendants' behalf. This argument is frivolous. Defendants do not disclose, however, that Defendants were personally served just a few weeks later on October 26, 2009. (*See* Doc. No. 10) Defendants do not challenge the return of service, which is prima facie evidence that service was effected. *See* Civ. Proc. Before Trial § 5:349; *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). This service was proper and timely where the complaint was filed on September 25, 2009. The Court denies this ground of Defendants' motion.

**D.    Jurisdiction**

Federal courts have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Unlike diversity jurisdiction, there is generally no minimum monetary amount in controversy required. A federal claim must be colorable to establish subject matter jurisdiction, and not immaterial, insubstantial, or frivolous. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see, e.g., Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir. 1993) (mere allegations of a due process violation do not raise a colorable constitutional claim to establish subject matter jurisdiction). The complaint needs to clearly set forth the nature of the federal right to establish federal question jurisdiction. *See North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233-34 (2d Cir. 1978). The complaint's failure to refer to federal law or its erroneous reference to federal law does not, however, determine whether federal question jurisdiction is established. *See id*.

9

The Court has federal question jurisdiction over this action based on Plaintiff's federal environmental claims under RCRA, CWA, CERCLA, and EPCRA. Despite Defendants' unsupported arguments to the contrary, the majority of courts have held that federal courts have exclusive jurisdiction over RCRA, CWA, and CERCLA citizen suits.[5] 42 U.S.C. § 6972(a) (RCRA); 33 U.S.C. § 1365(a) (CWA); 42 U.S.C. § 9613(b) (CERCLA); *see Natural Resources Defense Council v. U.S. E.P.A.*, 542 F.3d 1235, 1242 (9th Cir. 2008) (district courts have exclusive jurisdiction over private citizen suits under the CWA, 33 U.S.C. § 1365(a)(2));[6] *New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1235 (10th Cir. 2006) (citing CERCLA, 42 U.S.C. § 9613(b)) ("granting federal district courts 'exclusive original jurisdiction' of CERCLA actions"); *U.S. v. Gurley*, 434 F.3d 1064, 1068 (8th Cir. 2006) ("district courts have exclusive jurisdiction over controversies arising under CERCLA, see 42 U.S.C. § 9613(b)"); *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 434 (3d Cir. 2005) ("The District Court had jurisdiction over this case under 42 U.S.C. § 9613(b), which vests exclusive jurisdiction of CERCLA claims in the federal courts..."); *Fletcher v. U.S.*, 116 F.3d 1315, 1327 (10th Cir. 1997) (in tribal jurisdiction case, describing Eighth Circuit's rationale in *Blue Legs v. United States Bureau of Indian Affairs*, 867 F.2d 1094, 1097-98 (8th Cir. 1989) as based on "RCRA's exclusive federal jurisdiction provision and its legislative history, which expressed a congressional preference for prompt federal adjudication of citizen suits under RCRA"); *Reservation Telephone Co-op. v. Three Affiliated Tribes of Fort Berthold Reservation*, 76 F.3d 181, 185 (8th Cir. 1996) ("the RCRA placed exclusive jurisdiction for suits brought under the RCRA in the federal courts"); *City of Waukegan v. Arshed*, 2009 WL 458621, *1, 3 (N.D. Ill. 2009) ("Indeed, although not entirely a settled matter, most courts have held that RCRA actions are exclusively federal."); *Marrero Hernandez v. Esso Standard Oil Co.*, 597 F.Supp.2d 272, 282 (D. Puerto Rico 2009) (same); *K-7 Enterprises, L.P. v. Jester*, 562 F.Supp.2d 819, 827 (E.D.

---

[5] The parties have not identified any cases addressing whether federal courts have exclusive jurisdiction over EPCRA claims and the Court has also not identified any on point cases. The EPCRA citizen suit provision uses similar language as the other citizen suit provisions at issues, stating that EPCRA citizen suits "*shall be brought in the district court* for the district in which the alleged violation occurred." 42 U.S.C. §§ 11046(b)(1) & 11046(c) (emphasis added).

[6] Section 1365(a)(1) authorizes CWA private citizen suits against non-EPA defendants and shares the same language as Section 1365(a)(2) regarding jurisdiction: "[t]he district courts shall have jurisdiction...."

Tex. 2007) (same); *see also* cases cited in Section E.1 below.[7] The Court denies Defendants' motion to dismiss for lack of subject matter jurisdiction.

Defendants argue in the alternative that the Court should decline to exercise supplemental jurisdiction over the state law claims. Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction if: "1) the claim raises a novel or complex issue of State law, 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Defendants argue that supplemental jurisdiction is not proper because the state law claims substantially predominate over the federal claims. Defendants are incorrect. Plaintiff's federal environmental claims, not his state law claims of trespass, nuisance, and negligence, predominate in this federal action. At the heart of the complaint in this action, Plaintiff challenges Defendants' alleged dumping of hazardous and toxic substances and the resulting effects of the dumping in violation of the RCRA, CWA, CERCLA, and EPCRA. In addition, trespass and nuisance claims are common state law claims raised in a federal environmental suit. *See, e.g.*, Thomas F. P. Sullivan, Environmental Law Handbook at 102 (20th ed. 2009). The other factors for declining to exercise supplemental jurisdiction are also not present here, nor do Defendants argue otherwise. The state law claims do not raise novel or complex issue of state law. As discussed in more detail below, the Court has not dismissed all claims over which it has original jurisdiction. And, no exceptional circumstances establishing other compelling reasons to decline to exercise supplemental jurisdiction are present. The Court denies Defendants' request that it decline to exercise supplemental jurisdiction over the state law claims.

**E.     Abstention**

Even though federal question jurisdiction is clear here, the Court must address whether abstention is nevertheless proper. Defendants contend that the Court should dismiss, or alternatively

---

[7] A minority of courts have found concurrent jurisdiction exists with state courts over some of these federal environmental claims. *See Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir.1998) (state courts have concurrent jurisdiction over RCRA claims); *Hooker v. Chickerling Properties, LLC*, 2007 WL 1296051, *2 (M.D. Tenn. 2007) (federal courts do not have exclusive jurisdiction over CWA, state courts have concurrent jurisdiction).

1  stay, this action under the *Younger* and/or *Colorado River* abstention doctrines. Defendants argue
2  that this action is primarily a boundary dispute between the parties and therefore an action based on
3  state, not federal law. Plaintiff responds that resolution of the boundary dispute in state court is
4  immaterial to his federal environmental claims because the clean-up of the alleged toxins must be
5  done before Plaintiff's fence is replaced at an agreed upon location. As described above, the federal
6  environmental claims predominate in this federal action. The focus of both parties is misplaced.

### 1. Abstention and Federal Court Jurisdiction

The Supreme Court has not resolved the difficult issue of whether federal court abstention is proper when there are claims raised within the federal court's exclusive jurisdiction. Though presented with the issue, the Supreme Court did not resolve it. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666-67 (1978). The Ninth Circuit has, however, held that the "*Colorado River* doctrine is inapplicable" to claims within the exclusive jurisdiction of the federal courts. *Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989); *see Legal Economic Evaluations, Inc. v. Metropolitan Life Ins. Co.*, 39 F.3d 951, 956 (9th Cir. 1994) ("The district court followed binding Ninth Circuit precedent which precludes *Colorado River* abstention where federal jurisdiction is exclusive."); *City and County of San Francisco v. U.S.*, 930 F.Supp. 1348, 1352 (N.D. Cal. 1996). The Ninth Circuit has not addressed *Younger* or *Colorado River* abstention within the context of the federal environmental claims raised here.

The courts that have addressed whether *Younger* or *Colorado River* abstention is appropriate for the federal environment claims raised here appear to generally conclude that such abstention is not appropriate.[8] *See, e.g., Snellback Properties, L.L.C. v. Aetna Development Corp.*, 2009 WL 1606945, \*2 (N.D. Ill. 2009) (*Colorado River* abstention for RCRA claims is not appropriate because RCRA claim can only be resolved in federal court); *Spillane v. Commonwealth Edison Co.*, 291 F.Supp.2d 728, 735 (N.D. Ill. 2003) (same); *Space Age Fuels, Inc. v. Standard Oil Co. of California*, 1996 WL 160741, \*5 (D. Or. 1996) (not reported) (*Younger* abstention is not appropriate

---

[8] Some federal courts have found that abstention of federal environmental claims to be proper under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), a different abstention doctrine to prevent federal interference with state policy. *See Space Age Fuels*, 1996 WL 160741 at \*2-4 (RCRA); *Chico Service Station, Inc. v. Sol Puerto Rico Ltd.*, --- F.Supp.2d ----, 2009 WL 4730779, \*4-5 (D. Puerto Rico 2009) (RCRA). Defendants have clearly stated that they do not claim *Burford* abstention here. Reply at 8-9.

for RCRA claims because federal courts have exclusive jurisdiction over RCRA claims and such claims cannot be raised in state court); *Silgan White Cap Americas, LLC v. Alcoa Closure Systems*, 2009 WL 1177090, *11 (W.D. Pa. 2009) (improper to abstain or stay under *Colorado River* or *Younger* where the federal court has exclusive jurisdiction over CERCLA claims, state court action is currently in discovery, and no motions are pending before the state court); *Morton College Bd. of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero*, 18 F.Supp.2d 921, 929-30 (N.D. Ill. 1998) (despite parallel state litigation and the interest in avoiding piecemeal litigation, *Colorado River* abstention for CERCLA claims is not appropriate because state courts cannot adjudicate CERCLA claims); *S.W. Shattuck Chemical Co., Inc. v. City and County of Denver, Colo.*, 1 F.Supp.2d 1235, 1237 (D. Colo. 1998) (*Younger* abstention not proper because state forum is inadequate for CERCLA claims, which are subject to exclusive federal jurisdiction); *Long Island Soundkeeper Fund, Inc. v. New York City Dept. of Environmental Protection*, 27 F.Supp.2d 380, 385 (E.D.N.Y. 1998) (*Colorado River* abstention improper for CWA citizen suit and staying "would effectively rewrite the citizen suit provision of the CWA"); *Mutual Life Ins. Co. of New York v. Mobil Corp.*, 1998 WL 160820, *5 (N.D.N.Y. 1998) (*Colorado River* abstention not proper of CWA and RCRA claims where federal subject matter jurisdiction was present, the state action would not resolve or affect the federal issues, and the state action involved distinct questions of state law); *Pirgim Public Interest Lobby v. Dow Chemical Co.*, 1996 WL 903838, *6-7 (E.D. Mich. 1996) (not reported) (*Colorado River* abstention of CWA action not appropriate where interpretation of CWA is based on federal law, state officials did not file state suit during 60 day notice period required for CWA citizen suits, and "citizen input is specifically contemplated and provided for under the Clean Water Act"). Defendants fail to cite to any authority where federal courts abstained under *Younger* or *Colorado River* where the federal action was based on RCRA, CWA, CERCLA, or EPCRA claims.

As described below, the Court concludes that *Younger* and *Colorado River* abstention is not proper for federal actions based on RCRA, CWA, CERCLA, or EPCRA claims because 1) under *Younger*, the state proceedings do not afford an adequate opportunity to raise Plaintiff's federal environmental claims; and 2) under *Colorado River*, the federal and state actions are not

13

substantially similar, federal law controls the determination of Plaintiff's federal environmental claims, and the state court cannot adequately protect the rights of a federal litigant raising RCRA, CWA, CERCLA, or EPCRA claims. In addition, following the majority approach that federal courts have exclusive jurisdiction over RCRA, CWA, and CERCLA claims and applying Ninth Circuit precedent in *Minucci*, *Colorado River* is not applicable to these claims because they are within the exclusive jurisdiction of the federal courts. *See Minucci*, 868 F.2d at 1115; *Legal Economic Evaluations*, 39 F.3d at 956.

The Court now turns to each of the abstention doctrines at issue.

### 2. *Younger* Abstention

Abstention under *Younger* is required when: 1) state proceedings, judicial in nature, are pending; 2) the state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the federal issue. *Middlesex County*, 457 U.S. at 432. Here, the state action was filed first in July 2008, proceedings in the state action are pending and are further advanced than this federal action. The state court action has proceeded beyond the pleading stage after multiple rounds of demurrers and motions to strike and discovery is well underway, including the retention of experts by both parties. *See* Defs.' RJN, Exs. A-J; Decl. of Russell S. Gans In Support of Motion to Dismiss, ¶¶ 1-2 (Doc. No. 13). The state proceedings, however, do not afford an adequate opportunity to raise Plaintiff's federal environmental claims because, as described above, Plaintiff cannot bring his RCRA, CWA, CERCLA, or EPCRA claims in state court. While the first *Younger* factor weighs in favor of abstention, the absence of the third factor is dispositive and requires the Court to conclude that abstention under *Younger* is inappropriate.

### 3. *Colorado River* Abstention[9]

To abstain under *Colorado River*, courts must first determine whether the federal and state actions are substantially similar. *Nakash*, 882 F.2d at 1416. Courts then examine and carefully balance the following factors: 1) whether the state court or federal court first assumed jurisdiction

---

[9] Under Ninth Circuit precedent in *Minucci*, *Colorado River* is not applicable to the RCRA, CWA, and CERCLA claims because these claims are within the exclusive jurisdiction of the federal courts. *See Minucci*, 868 F.2d at 1115; *Legal Economic Evaluations*, 39 F.3d at 956. Even if federal jurisdiction were not exclusive, after conducting the full *Colorado River* analysis, the Court concludes that the *Colorado River* doctrine is inapplicable here.

14

1  over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal
2  litigation; 4) the order in which the forums obtained jurisdiction; 5) whether federal or state law
3  controls the decision on the merits; and 6) whether the state court can adequately protect the rights
4  of the parties.[10] *Moses H. Cone*, 460 U.S. at 23-24; *Colorado River*, 424 U.S. at 818-19; *40235*
5  *Washington Street Corp.*, 976 F.2d at 588.

6           a)    <u>Substantial Similarity Lacking Between the State and Federal Actions</u>

7  Under the first step of the *Colorado River* inquiry, this federal action is not substantially
8  similar to the state action. While the same parties appear in both the state and federal actions, and
9  there are some overlapping claims, the two actions are substantively different in other respects. In
10 terms of similarity, the trespass, nuisance, negligence, and negligence per se claims are raised in
11 both the state and federal actions, and the state law claims raised in the federal action are
12 substantially similar to the claims raised in the state action.[11]

13 In terms of differences, the federal action raises federal environmental claims under RCRA,
14 CWA, CERCLA, and EPCRA that are not raised, and could not be raised, in the state action. The
15 federal action seeks injunctive and declaratory relief based on violations of the federal

---

[10] Defendants present the Seventh Circuit's ten *Colorado River* factors. Though analysis of abstention under *Colorado River* is not a rigid or mechanical test, the Ninth Circuit has generally enumerated six, not ten, factors for the analysis. *See 40235 Washington Street Corp.*, 976 F.2d at 588; *Nakash*, 882 F.2d at 1415-16.

[11] Plaintiff's trespass claim, like his trespass claim in state court, is based on Defendants' alleged dumping of hazardous substances onto plaintiff's property and the discharge into Plaintiff's surface and groundwater. *See* Compl. at ¶¶ 58-62 (Doc. No. 1); Defs.' RJN, Ex. D at ¶¶ 38-46 (Doc. No. 15).
    Plaintiff's nuisance claim is substantially similar to, and almost identical to, his nuisance claim under Cal. Civil Code § 3479 raised in state court. *See* Compl. at ¶¶ 63-67; Defs.' RJN, Ex. D at ¶¶ 29-35. Both nuisance claims are based on Defendants' contamination of Plaintiff's property and construction of a fence partially on Plaintiff's property. In his state action, Plaintiff also raises a nuisance per se claim based on violations of various state codes, which is not raised in this federal action. Defs.' RJN, Ex. D at ¶¶ 36-37.
    Plaintiff's negligence and negligence per se claims are substantially similar to Plaintiff's negligence and negligence per se claims raised in state court. *See* Compl. at ¶¶ 68-77; Defs.' RJN, Ex. D at ¶¶ 54-67. Both claims raised in this action and the state action are based on Defendants' contamination of Plaintiff's property in violation of state and county codes, failure to remove leaning trees near Plaintiff's property, and from Defendants' drainage pipes. The federal complaint even directly incorporates negligence allegations made in the "state complaints." *See* Compl. at ¶ 69, 75. The federal complaint also refers to violations of the CWA in its negligence and negligence per se claim, *see* Compl. at ¶ 69, but this does not transform this traditional state law claim for negligence and negligence per se to a federal claim.

15

1 environmental laws, as well as civil penalties under RCRA and CWA; relief that cannot be provided
2 in state court.  The state action also raises three additional state law claims that are not raised in the
3 federal action:  1) nuisance per se based on violations of various state codes; 2) water pollution and
4 environmental damage; and 3) quiet title.  While there may arguably be some overlap between the
5 nuisance per se claim and the nuisance claim in the federal action, and the state water pollution and
6 environmental damage claim and the federal environmental claims, the quiet title claim is unique to
7 the state action and of substantial significance to the state action.  While resolution of the quiet title
8 claims in state court, which have been raised by both parties,[12] would not affect Plaintiff's standing
9 to bring his federal environmental claims, an argument Defendants do not raise, the state court's
10 resolution of the quiet title claims may affect Plaintiff's state law claims raised in this federal action.
11 *See* Defs.' RJN, Exs. D & J.  Therefore, the state and federal actions are not substantially similar to
12 permit application of the *Colorado River* doctrine.

13               b)      *Colorado River* Factors

14        Despite the lack of substantial similarity between the actions, the Court now turns to
15 balancing the *Colorado River* factors.  The first, third, and fourth *Colorado River* factors weigh in
16 favor of abstention.  Under the first *Colorado River* factor, the state has in rem jurisdiction because
17 the state action includes a quiet title claim.  *See* Defs.' RJN, Ex. D; *40235 Washington Street Corp.*,
18 976 F.2d at 589.  While the first factor weighs in favor of abstention and was held to be dispositive
19 in *40235 Washington Street Corp.*, the situation here is distinguishable from *40235 Washington*
20 *Street Corp.* because no quiet title claim was brought in this federal action.  In addition, avoiding
21 piecemeal litigation and the fact that the state action was filed over a year before the federal action,
22 and is already in discovery, also weigh in favor of abstention.

23        The remaining *Colorado River* factors weigh against abstention, and ultimately, are
24 dispositive.  The second factor weighs against abstention because the federal forum, which is located
25 in Eureka, California, is convenient for the parties.  More importantly, the fifth and sixth factors
26 weigh heavily against abstention.  Federal law controls the determination of Plaintiff's federal

27

28     [12]   Defendants also raise a quiet title claim in their state action against Plaintiff.  Defs.' RJN, Ex. J.

16

environmental claims and the state court cannot adequately protect the rights of a federal litigant raising RCRA, CWA, CERCLA, or EPCRA claims because these claims cannot be raised in state court. In addition, the Ninth Circuit has held that when "there is substantial doubt that a final determination in the [state] proceeding will resolve all of the issues in [the plaintiff]'s federal" proceeding, dismissal or staying under *Colorado River* is not appropriate. *Holder v. Holder*, 305 F.3d 854, 868 (9th Cir. 2002). Here, like in *Holder*, there is substantial doubt that a final determination in the state action (*Remington v. Mathson*, No. DR080678) will resolve all of the issues in this federal action. A final determination in the state action may resolve the state law claims of trespass, nuisance, negligence, and negligence per se, but not the federal environmental claims. Therefore, abstention under *Colorado River* is not appropriate here.

### 4. Staying State Law Claims Pending Resolution in State Court

As discussed above, resolution of the quiet title claim in state court may affect Plaintiff's state law claims of trespass, nuisance, negligence, and negligence per se in this federal action. For example, if the state court determines that the disputed property belongs to Defendants, Plaintiff's state law claims may be moot. In addition, resolution of the trespass, nuisance, nuisance per se, negligence, and negligence per se claims in the state action raises the possibility of inconsistent judgments resulting from resolving the same claims in the federal action, inefficient use of judicial resources, and piecemeal litigation. Staying the state law claims of trespass, nuisance, negligence, and negligence per se in this action does not prejudice the parties, nor impact the ability of the parties to litigate the federal environmental claims. The Court also notes that to the extent possible, discovery should be coordinated between the federal and state actions to promote efficiency and effectuate the speedy resolution of both cases. *See* Fed. R. Civ. P. 1. The Court therefore stays the state law claims of trespass, nuisance, negligence, and negligence per se in this action pending resolution of the quiet title, trespass, nuisance, nuisance per se, negligence, and negligence per se claims in the state court action.

### III. CONCLUSION

The Court **DENIES IN PART** and **GRANTS IN PART** Defendants' motion to dismiss, and **STAYS** the state law claims of trespass, nuisance, negligence, and negligence per se raised in this

1  federal action pending resolution of the quiet title, trespass, nuisance, nuisance per se, negligence,
2  and negligence per se claims in the state court action, *Remington v. Mathson* (No. DR080678,
3  Humboldt County Superior Court). The Court directs the parties to provide periodic updates to the
4  Court, at least every 60 days, regarding the progress of the state court action and whether resolution
5  has been reached on the quiet title, trespass, nuisance, nuisance per se, negligence, and/or negligence
6  per se claims in the state court action. As noted above, Defendants referred to Rule 12(b)(6)
7  grounds for dismissal, but did not present any argument on this basis. Defendants must file their
8  answer to the complaint, or a Rule 12(b)(6) motion to dismiss on the federal environmental claims,
9  within twenty (20) days of the filing of this order.

11  **IT IS SO ORDERED.**

13  Dated: March 26, 2010

NANDOR J. VADAS
United States Magistrate Judge

**United States District Court**
For the Northern District of California