1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| | 1:09-CV-4547 NJV |
| BRUCE REMINGTON, | ORDER RE PLAINTIFF'S MOTION TO OVERTURN SUMMARY JUDGMENT PURSUANT TO FRCP RULE 60(A); REQUEST FOR SEPARATE DOCUMENT ENTERING JUDGMENT FOR DEFENDANTS; AND REQUEST FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |
| Plaintiff, | |
| v. | |
| JOHN MATHSON, JOY MATHSON, | |
| Defendants. _____/ | (Docket No. 98) |

On March 27, 2012, the Court entered an order granting Defendants summary judgment on Plaintiff's first, second, third, fourth, and fifth claims for relief.  (Docket No. 93.)  The Court declined to retain jurisdiction over Plaintiff's state law claims and so dismissed Plaintiff's sixth, seventh and eighth claims for relief without prejudice to the litigation of those claims in State Court. (*Id.*)  Finally, the Court directed the Clerk to enter judgment for Defendants and to close this case. (*Id.*)  The Clerk entered judgment in favor of Defendants on April 3, 2012.  (Docket No. 94.)

On April 30, 2012, Plaintiff filed a motion for permission to file a motion for reconsideration of the Court's order of March 27, 2012.  (Docket No. 97.)  That motion is addressed by separate order.  (Docket No. 103.)  The present motion was filed May 4, 2012.

Request for Separate Document Entering Judgment

Plaintiff requests that the court file a separate document setting forth the judgment in this case, as required by Rule 58, Federal Rules of Civil Procedure.  The separate document entering judgment in this case was filed on April 3, 2012.  (Docket No. 94.) The receipt for the document

1    indicates that it was served on Plaintiffs electronically.  Accordingly, Plaintiff's request will be

2    denied as moot.

3    Extension of Time to File Notice of Appeal

4           Plaintiff moves for an extension of time to file his appeal from the judgment entered on April

5    3, 2012.  Pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be

6    filed "with the district clerk within 30 days after entry of the judgment or order appealed from."

7    Thirty days after April 3, 2012, was May 3, 2012.  Plaintiff did not file a notice of appeal by May 3,

8    2012.  The present motion was filed on May 4, 2012.

9           Rule 4(a)(5) provides in part as follows:

10   (A)  The district court may extend the time to file a notice of appeal if:
          (I)  a party so moves no later than 30 days after the time prescribed by this Rule 4(a)
11             expires; and
         (ii)  regardless of whether its motion is filed before or during the 30 days after the time
12             prescribed by this Rule 4(a) expires, that party shows excusable neglect or good
               cause.

13          In support of his request for an extension of time, Plaintiff states, "[h]ere, plaintiff is aware

14   that the earliest possible date to file a notice of appeal would be MAY 3d, 30 days after the Court's

15   April 3, 2012, [sic] when plaintiff had pneumonia, and he should get a couple weeks there alone."

16   (Docket No. 98, 4:1-3.)   Plaintiff is incorrect.  May 3, 2012, was not the "earliest possible date" to

17   file a notice of appeal in this case.  Rather it was the last possible date.  Further, the Court does not

18   find Plaintiff's argument regarding pneumonia as a basis for an extension of time to be credible. On

19   April 30, 2012, Plaintiff filed an opposition to Defendants' bill of costs.  (Docket No. 96.)  The body

20   of this document comprises ten pages.  Also on April 30, 2012, Plaintiff filed a motion for leave to

21   file a motion for reconsideration.  (Docket No. 97.)  The body of that motion is fifty-nine pages long.

22   Plaintiff's ability to file these two lengthy documents on April 30, 2012, belies his argument that

23   health issues prevented him from filing a simple notice of appeal by  May 3, 2012.

24          Plaintiff claims that good cause for an extension of time to file his notice of appeal is shown

25   by the following: (1) the need for the filing and serving by U.S. Mail on Plaintiff of a separate

26   decision document under Rule 58; (2) the need for a ruling on Defendants' bill of costs; (3)  the need

27   for a ruling on his motion for leave to file a motion for reconsideration; (4) the need for resolution of

28   Plaintiff's two pending Rule 60 motions.

**United States District Court**
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1    Plaintiff's claim that the need to file and serve him by U.S. Mail with a separate decision

2    document tolled the time for filing his notice of appeal is meritless.  The separate document entering

3    judgment in this case was filed on April 3, 2012.  (Docket No. 94.)   Pursuant to Rule 5b(b), Federal

4    Rules of Civil Procedure, and this Court's General Order No. 45, the clerk is not required to serve the

5    judgment on a party by U.S. Mail.  Immediately after the entry of judgment, the district court clerk

6    must "serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for

7    failing to appear."  Rule 77(d)(1).  A document is served under Rule 5(b)(e) by "sending it by

8    electronic means if the person consented in writing  -- in which event service is complete upon

9    transmission, but it is not effective if the serving party learns that it did not reach the person to be

10   served."  Pursuant to General Order No. 45, entitled "Electronic Case Filing,"  Section IX, D,

11   "Orders filed by the court in cases designated for electronic filing will be served only via the email

12   Notice of Electronic Filing.  No paper service will be made by the Court."  General Order No. 45,

13   Section II.G provides, "A 'Notice of Electronic Filing' is generated automatically by the ECF system

14   upon completion of an electronic filing.  The Notice of Electronic Filing when e-mailed to the e-mail

15   address of record in the case acts as the proof of service." Plaintiff registered to receive documents

16   by email from the ECF System and the Notice of Electronic Filing of the April 3, 2012 Judgment

17   shows that it was e-mailed to the e-mail address provided by Plaintiff.

18   Plaintiff claims that he is entitled to an extension of time to file his notice of appeal because

19   the Court has not yet ruled on Defendants' bill of costs.  (Docket No. 95.)   This claim is without

20   legal basis.  The prevailing party is entitled to costs not as part of the judgment, but rather pursuant

21   to Rule 54(d)(1), Federal Rules of Civil Procedure. *See generally Buchanan v. Stanships*, 485 U.S.

22   265, 266-269 (1988) (assessment of costs does not involve reconsideration of any aspect of the

23   decision on the merits). Thus, the filing of an opposition to a bill of costs does not toll the time filing

24   a notice of appeal.

25   Plaintiff separately filed a motion for leave to file a motion for reconsideration on April 30,

26   2012.  (Docket No. 97.)  The Court has construed that motion as a motion pursuant to Rule 60(b),

27   Federal Rules of Civil Procedure, and has, by separate order, denied that motion.  (Docket No. 103.)

28

In the present multi-part motion, Plaintiff moves for relief pursuant to Rule 60(a) and Rule 60(b)(3) and (6).

      Rule 4(a)(4), Federal Rules of Appellate Procedure, provides in part as follows:

> (A)  If a party time files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> .   .   .   .
>
> (vi)  for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Judgment was entered in this case on April 3, 2012.  (Docket No. 94.)  Twenty-eight days after April 3, 2012, is May 1, 2012.  *See* Rule 6(a), Federal Rules of Civil Procedure.  Plaintiff filed the present multi-part motion on May 4, 2012.  (Docket No. 98.)  The present motion therefore did not toll the time for filing a notice of appeal from the judgment entered April 3, 2012.  However, Plaintiff's motion for leave to file a motion for reconsideration, construed by this Court as a Rule 60(b) motion, was filed on April 30, 2012, (Docket No. 97), before the expiration of the twenty-eight day period of Rule 4(A)(vi).  Accordingly, the Court finds that time for filing a notice of appeal in this case runs from June 5, 2012, the date of entry of this Court's order denying Plaintiff's motion for leave to file a motion for reconsideration, construed by this Court as a Rule 60(b) motion. (Docket No. 103.)  Thus, Plaintiff's motion for an extension of time to file his notice of appeal will be denied as moot, as the thirty days for filing a notice of appeal under Rule 4, Federal Rules of Appellate Procedure, did not begin running until June 5, 2012.

Motion for Relief from Judgment Pursuant to Rule 60(a)

      Rule 60(a) provides for correction of clerical mistakes or mistakes arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  Plaintiff incorporates his arguments made in his motion for reconsideration, construed by this Court as a Rule 60(b) motion, filed April 30, 2012, that this Court was unable to find, and therefore did not consider, relevant evidence he submitted in opposition to Defendants' motion for summary judgment.  (Docket No. 97).  The Court has carefully examined these arguments and rejects them for the same reasons stated in the order denying Plaintiff's motion.  (Docket No. 103.)

//

Motion for Relief from Judgment Pursuant to Rule 60(b)(3) and Rule 60(b)(6)

Rule 60(b)(3) provides for relief from a final judgment based on fraud, misrepresentation, or misconduct.  Rule 60(b)(6) provides for such relief for any other reason that justifies relief.  Plaintiff states that his rationale for filing the present motion pursuant to Rule 60(b)(3) and (6) motion was fully set forth in his motion filed April 30, 2012.  As above, the Court has carefully examined Plaintiff's arguments and rejects them for the same reasons stated in the order denying Plaintiff's previous motion. (Docket No. 103.)

Based on the foregoing, IT IS HEREBY ORDERED  as follows:

1)   Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(3) and (6) is DENIED;

2)   Plaintiff's request for a separate document entering judgment is DENIED as moot;

3)   Plaintiff's request for an extension of time to file his notice of appeal is DENIED as moot.
The thirty-day period for filing a notice of appeal began running June 5, 2012.

4)   The Court finds it unnecessary to rule on Defendants' objections to Plaintiff's declaration filed in reply to Defendants' opposition to Plaintiff's present motion.

DATED: June 5, 2012

_____

Nandor J. Vadas
United States Magistrate Judge